**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**NATHANIEL G. HANNAH,**

    **Plaintiff,**

vs.                                         **Case No. 4:09cv86-SPM/WCS**

**SGT. GRIFFIS, et al.,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, has filed a second amended civil rights complaint under 42 U.S.C. § 1983. Doc. 12. Plaintiff, who is not incarcerated presently, but who appears to have been incarcerated when this action was initiated, *see* doc. 1, has filed a financial affidavit, doc. 13, but the first page of the form is missing. At any rate, Plaintiff's second amended complaint is only against Defendants who were prison officials at Union Correctional Institution. Doc. 12.

Because Union C. I. is located in the Middle District of Florida and, thus, the events at issue took place there, and because all of the named Defendants are in the Middle District of Florida, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Court may also raise the issue of defective venue *sua sponte*. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings, including ruling on the *in forma pauperis* motion, doc. 13, and review of the second amended complaint, doc. 12.

**IN CHAMBERS** at Tallahassee, Florida, on August 6, 2009.

    s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**